UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 7:21-cv-00026 |
| | § | |
| APPROXIMATELY $823,818.73 | § | |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| | § | |
| Defendant | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America files this action for forfeiture and alleges upon information and belief:

### *Nature of the Action*

1. This is a civil action is brought by the United States of America seeking forfeiture of all right, title, and interest in the funds involved in and the proceeds from an international network of criminal enterprise totaling approximately $823,818.73 in United States currency.

### *Jurisdiction and Venue*

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355, 1356.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395, and 18 U.S.C. § 981(h).

1

### *Defendant Property*

4. The Defendant Property consists of $823,818.73 in United States currency from two separate bank accounts, both in the name of Victor M. Guerra, Inc.: $116,800.81 from a Rio Bank account ending in 5706 and $707,017.92 from a Bank of America account ending in 6519 (hereinafter "Defendant Property").

### *Statutory Basis for Forfeiture*

5. The Defendant *in rem* is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property, real or personal, which is involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1), or any property traceable to such property. The specified unlawful activities include the smuggling of goods out of the United States in violation of 18 U.S.C. § 554 pursuant to 18 U.S.C. § 1956(c)(7)(D) and of trafficking contraband cigarettes in violation of 18 U.S.C. 2342 pursuant to 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1)(B).

6. The Defendant *in rem* is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to specified unlawful activity. The specified unlawful activities include the of the smuggling of goods out of the United States in violation of 18 U.S.C. § 554 pursuant to 18 U.S.C. § 1956(c)(7)(D) and of trafficking contraband cigarettes in violation of 18 U.S.C. 2342 pursuant to 18 U.S.C. § 1956(c)(7)(A) and 18 U.S.C. § 1961(1)(B).

7. The Defendant *in rem* is also subject to forfeiture pursuant to 19 U.S.C. § 1595a(d) as proceeds and/or of property facilitating the unlawful exportation of goods from the United States in violation of 18 U.S.C. § 554.

### *Factual Basis*

8. An international network of smugglers and traffickers imported contraband cigarettes from China, Vietnam, Singapore, Panama, and the United Arab Emirates through the Port of Houston to the Rio Grande Valley. The contraband cigarettes were stored by Victor M. Guerra, Inc., a Rio Grande Valley based customs house and focal point of the international network. Victor M. Guerra, Inc. arranged for and illegally exported the contraband cigarettes from the United States and smuggled them into Mexico. The proceeds from this criminal enterprise were deposited into two known bank accounts in the name of Victor M. Guerra, Inc.: a Rio Bank account ending in 5706 and a Bank of America account ending in 6519.

9. The investigation began on or about January 15, 2020 when law enforcement agents with the Texas Department of Public Safety, the Mexican Tax Administration Service (Servicio de Administración Tributaria ("SAT")), and Homeland Security Investigations discovered a tractor and trailer containing approximately seventeen million (17,000,000) contraband cigarettes en route to Mexico. These cigarettes lacked any required stamp or proof of taxes paid required by law.

10. Upon further investigation, law enforcement agents discovered that the tractor and trailer was not part of a one-off scheme. Rather, it was one shipment of many originating from a warehouse located in McAllen, Texas. Victor M. Guerra, Inc. operated out of this warehouse.

11. Law enforcement agents conducted surveillance of the warehouse, and on or about February 12, 2020, agents visited Victor M. Guerra, Inc. Law enforcement agents made their acquaintance with the person in charge, Jose Francisco Guerra "GUERRA." While doing so, law enforcement agents observed in plain view approximately forty cases of unstamped cigarettes outside of their In-Bond areas required by law.

12.     As a result, law enforcement agents further inspected the warehouse and recognized a foreign brand of cigarettes which had previously been identified and seized during another investigation for illegally entering United States commerce.

13.     GUERRA, after waiving his Miranda Rights, admitted to the smuggling scheme and GUERRA's part in it. The owners of the warehouse, Arturo Ruiz and Edgar Ruiz ("Ruiz Brothers") ordered contraband cigarettes from foreign countries including China, Panama, Vietnam, Singapore, and the United Arab Emirates to the Port of Houston and wired GUERRA money. GUERRA personally arranged for the delivery from the Port of Houston to the warehouse Victor M. Guerra, Inc. operated out of in McAllen, Texas. GUERRA created fraudulent sales tickets to avoid paying In-Bond securities required by law and to avoid detection at the United States-Mexico border by Customs and Border Protection. GUERRA stored the contraband cigarettes in the warehouse until they were smuggled into Mexico at GUERRA's direction.

14.     GUERRA admitted to law enforcement agents that GUERRA illegally smuggled increments of 400,000 individual contraband cigarettes from the United States to Mexico on a regular basis.[1] GUERRA further admitted that he had approximately 800,000 pounds of cigarettes in the warehouse that he planned to illegally smuggle from the United States to Mexico.

15.     On March 3, 2020, law enforcement agents executed a warrant at the warehouse. Law enforcement agents seized approximately 361,670,000 contraband cigarettes in addition to records, receipts, manifests, and financial statements related to the In-Bond diversion scheme. [2]

---

[1] In Cause No. 7:20-cr-00354, GUERRA was charged in a Superseding Indictment for his role in contraband cigarette smuggling and exporting contrary to law. (Doc. No. 26). On 12/15/2020, GUERRA, pled guilty to Count 1 of the Superseding Indictment, a violation of 18 U.S.C. § 554. (*Id.*)

[2] This warehouse is named as the Defendant Property in an *in rem* forfeiture suit by the United States in Cause No. 7:20-cv-00359.

16. Some of those seized records included documentation of high-dollar international wire transactions initiated by Victor M. Guerra, Inc. for cigarettes GUERRA admitted were part of the illegal smuggling scheme. International wire transfers related to the Bank of America account include:

    a. Date: 08/23/2019
       Account: Bank of America - ▇▇▇▇6519
       Customer: Victor M. Guerra, Inc.
       Requestor: Jose F. Guerra
       Recipient: Eximtrade Investments Group Corp. Wire Amount: $97,200.00
       Commodity Description: Euro and Fox Cigarettes

    b. Date: 09/27/2019
       Account: Bank of America - ▇▇▇▇6519
       Customer: Victor M. Guerra, Inc.
       Requestor: Jose F. Guerra
       Recipient: Eximtrade Investments Group Corp.
       Wire Amount: $97,200.00
       Commodity Description: Euro Cigarettes

    c. Date: 11/21/2019
       Account: Bank of America - ▇▇▇▇6519
       Customer: Victor M. Guerra, Inc.
       Requester: Jose F. Guerra
       Recipient: DFP Trading Intl SA Wire Amount: $20,000.00
       Commodity Description: Golden Deer Cigarettes

    d. Date: 12/03/2019
       Account: Bank of America - ▇▇▇▇6519
       Customer: Victor M. Guerra, Inc.
       Requestor: Jose F. Guerra
       Recipient: Sarni Shriam and Sons Company Wire Amount: $60,000.00
       Commodity Description: Win Blue Cigarettes

    e. Date: 12/09/2019
       Account: Bank of America - ▇▇▇▇6519
       Customer: Victor M. Guerra, Inc.
       Requestor: Jose F. Guerra
       Recipient: Eximtrade Investments Group Corp.
       Wire Amount: $91,800.00

        Commodity Description: Alamo Box KS Cigarettes

f.   Date: 12/11/2019 .
    Account: Bank of America - ▮▮▮▮6519
    Customer: Victor M. Guerra, Inc.
    Requestor: Gladys 0. Ramirez
    Recipient: DFP Trading Intl SA
    Wire Amount: $30,000.00
    Commodity Description: Gold Deer Cigarettes

g.   Date: 12/17/2019
    Account: Bank of America - ▮▮▮▮6519
    Customer: Victor M. Guerra, Inc.
    Requester: Gladys 0. Ramirez
    Recipient: Eximtrade Investments Group Corp. Wire
    Amount: $65,000.00
    Commodity Description: Euro FF KS, Fox FF, Lake, Lake Rojo and Lake Azul Cigarettes

h.   Date: 01/10/2020
    Account: Bank of America - ▮▮▮▮6519
    Customer: Victor M. Guerra, Inc.
    Requester: Jose F. Guerra
    Recipient: Sarni Shriam and Sons Company
    Wire Amount: $60,000.00
    Commodity Description: Malaga Cigarettes

i.   Date: 01/13/2020
    Account: Bank of America - ▮▮▮▮6519
    Customer: Victor M. Guerra, Inc.
    Requestor: Jose F. Guerra
    Recipient: Sarni Shriam and Sons Company Wire
    Amount: $65,000.00
    Commodity Description: Seneca Cigarettes

j.   Date: 01/21/2020
    Account: Bank of America - ▮▮▮▮6519
    Customer: Victor M. Guerra, Inc.
    Requestor: Jose F. Guerra
    Recipient: Eximtrade Investments Group Corp.
    Wire Amount: $91,800.00
    Commodity Description: Alamo KS Cigarettes

    k. Date: 01/21/2020
       Account: Bank of America - ▮▮▮▮▮▮6519
       Customer: Victor M. Guerra, Inc.
       Requestor: Jose F. Guerra
       Recipient: Eximtrade Investments Group Corp. Wire
       Amount: $78,200.00
       Commodity Description: Euro and Fox Cigarettes

17. Other financial documents seized from the warehouse included invoices and corresponding checks written to entities associated with the importation and transportation of foreign produced cigarettes, which by GUERRA's own admission, were intended to be illegally smuggled from the United States to Mexico. Those checks associated with the Rio Bank account include:

    a. Check Date: 02/18/2018
       Account: Rio Bank - Operating Account - ▮5706
       Customer: Victor M. Guerra, Inc.
       Issuer: Gladys Omedi Ramirez
       Recipient: Robert F. Barnes CHB
       Check Amount: $450.00
       Services Description: Importation and Transportation
       Invoice No./Remarks: Sou-Tier Inc., DBA Robert F. Barnes Customs Broker #17044/980 Golden Deer Red (Cigarettes)

    b. Check Date: 03/14/2018
       Account: Rio Bank - Operating Account - ▮5706
       Customer: Victor M. Guerra, Inc.
       Issuer: Gladys Omedi Ramirez
       Recipient: Robert F. Barnes CHB Check
       Amount: $8,260.00
       Services Description: Importation and Transportation
       Invoice/Remarks: Sou-Tier Inc., DBA Robert F. Barnes Customs Broker #17047

    c. Check Date: 07/11/2019
       Account: Rio Bank - Operating Account - ▮5706
       Customer: Victor M. Guerra, Inc.
       Issuer: Gladys Omedi Ramirez
       Recipient: Veconinter USA LLC.
       Check Amount: $85.00

      Services Description: Importation and Transportation
      Invoice/Remarks: Veconinter USA LLC. #A-137237/Farstar Cigarettes

  d. Check Date: 08/27/2019
      Account: Rio Bank - Operating Account - ■5706
      Customer: Victor M. Guerra, Inc.
      Issuer: Gladys Omedi Ramirez
      Recipient: Seaboard Marine Ltd.
      Check Amount: $155.00
      Services Description: Importation and Transportation
      Invoice/Remarks: Seaboard Marine, Ltd. #5754155/Global Panama SA

  e. Check Date: 11/12/2019
      Account: Rio Bank - Operating Account - ■5706
      Customer: Victor M. Guerra, Inc.
      Issuer: Gladys Omedi Ramirez
      Recipient: Robert F. Barnes CHB
      Check Amount: $5,662.00
      Services Description: Importation and Transportation
      Invoice/Remarks: Sou-Tier Inc., DBA Robert F. Barnes Customs Broker - #17146 and 17135/ 1080 Cartons of Cigarettes

18. Upon further investigation of the Bank of America account, law enforcement agents discovered large scale, ingoing and outgoing transactions in excess of $57,000,000.00. These transactions included suspicious entities from foreign countries considered high risk to money laundering including China, Vietnam, Singapore, Panama, the United Arab Emirates, and Mexico.

19. Upon further investigation of the Rio Bank account, law enforcement agents discovered transfers from the Bank of America account to the Rio account in excess of $1,500,000.00. These transfers consisted of proceeds from the illegal smuggling scheme and are not consistent with business operating expenses such as payroll, tax payments, rent, or other business-related expenses.

*Conclusion*

20. An international network of smugglers and traffickers, including Victor M. Guerra, Inc., profited from violating United States law. The Defendant Property constitutes property traceable to and/or the proceeds of smuggling goods out of the United States contrary to law and contraband cigarette trafficking. Therefore, a substantial connection exists between the Defendant Property and the crimes of goods smuggling out of the United States and contraband cigarette trafficking.

*Notice to Any Potential Claimants*

21. YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

22. An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1701 W. Business Hwy 83, McAllen, TX 78501, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 600 E Harrison St. #201, Brownsville, TX 78520.

*Prayer*

23. Wherefore, the United States of America prays that due process is issued to enforce the forfeiture of the Defendant Property, that due notice be given to all interested persons to appear and show cause why forfeiture of the Defendant Property should not be decreed, that the Defendant Property be condemned as forfeited to the United States to be disposed of according to law, and

for such other and further relief as this Honorable Court may deem just and proper.

    Respectfully submitted,

    RYAN K. PATRICK
    United States Attorney

    By: <u>/s/ Rick Blaylock</u>
    Rick Blaylock
    Assistant United States Attorney
    Texas Bar No. 24103294
    Federal Bar No. 3544108
    600 E. Harrison St., #201
    Brownsville, TX 78520
    Office: (956) 548-2554
    Fax: (956) 548-2711

## Verification

I, Matthew Shoemaker, a Special Agent with the United States Homeland Security Investigations, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 8 through 19 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on January 14th, 2021.

Matthew Shoemaker
Special Agent
Homeland Security Investigations